**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

RODNEY WILLIAMS                                                                                                PLAINTIFF
ADC #79899

V.                                          NO: 5:11CV00224 BSM/HDY

DAVID WHITE *et al.*                                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the

1

>>hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>>Clerk, United States District Court
>>Eastern District of Arkansas
>>600 West Capitol Avenue, Suite A149
>>Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Rodney Williams, currently incarcerated at the Tucker Maximum Security Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on August 31, 2011.

### **I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff, he was falsely accused of rule violations, and then denied due process in a disciplinary hearing, on two occasions–August 14, 2009, and March 11, 2011. Plaintiff asserts that he was convicted in both hearings, and sentenced to a reduction in class and 30 days of punitive time. At the March 11, 2011, hearing, Plaintiff also lost 365 days of good time.

Although inmates may in some cases be entitled to due process protections, Plaintiff described no sanction in the 2009 hearing which imposes an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). The Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). *See also Wycoff v. Nichols*, 94 F.3d 1187, 1188-90 (8th Cir. 1996)(no liberty interest arose when Plaintiff served 45 days in administrative confinement before disciplinary decision reversed). Although a lengthy period of segregation may, depending on the conditions, give rise to due process protections, *see Williams v. Norris*, 277 Fed.Appx. 647, 648 (8th Cir. 2008)(unpublished per curiam)(approximately 12 years in administrative segregation was atypical and significant hardship), shorter periods of segregation do not. *See Hemphill v. Delo*, 124 F.3d 208 (8th Cir.

2008)(unpublished per curiam)(four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation not an atypical and significant hardship). Likewise, the due process clause does not itself create a liberty interest in a particular class status, and Plaintiff has identified no state law which might create such an interest. *See Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994) (due process clause does not itself create liberty interest in particular classification); *Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990) (ADC inmate had no right to consideration of Class I status). *See also Fabry v. Hobbs*, Case No. 5:10CV00298, 2010 WL 5651386 at *2 (E.D. Ark. Oct. 12, 2010) (slip copy) (no liberty interest implicated when inmate received 30 days punitive isolation and class reduction, and parole date was rescinded). Accordingly, Plaintiff's claims regarding the charge and sanctions at issue in the August 14, 2009, hearing should be dismissed with prejudice.

Among the punishments Plaintiff received at the March 11, 2011, hearing, was the loss of good time. Plaintiff may seek restoration of good time credits only in a *habeas corpus* proceeding. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (sole federal remedy for challenge to the fact or duration of confinement is writ of *habeas corpus*). Similarly, because of the good time loss, any claim for damages from the 2011 hearing is barred by *Heck v. Humphry*, 512 U.S. 477, 486-487 (1994) (if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*). The reasoning in *Heck* has been applied to prison disciplinary convictions. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding an inmates's due process claim for declaratory relief and money damages regarding disciplinary citation resulting in good time loss is

not cognizable under § 1983 as it would necessarily imply the invalidity of the disciplinary conviction under *Heck*). There is no indication that Plaintiff's March 11, 2011, disciplinary conviction has been reversed, expunged, or called into question by a federal writ of *habeas corpus*. Accordingly, Plaintiff's claims regarding the 2011 hearing should be dismissed without prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED for failure to state a claim upon which relief may be granted.

2. Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to his claims made in connection with his August 14, 2009, hearing, and DISMISSED WITHOUT PREJUDICE with respect to his claims made in connection with his March 11, 2011, hearing.

3. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

4. All pending motions be DENIED.

5. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __2__ day of September, 2011.

UNITED STATES MAGISTRATE JUDGE